IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
17 JUL 21 PM 2: 07

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:03CR331 |
| | ) | |
| Plaintiff, | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| RICARDO GUILLERMO DEISERNIA | ) | MOTION TO UNSEAL WARRANT AND INDICTMENT |
| | ) | |
| Defendant | ) | |
| | ) | |

Now comes the defendant, Ricardo Guillermo Deisernia, and moves the Court to unseal the warrant and indictment in case 1:03-cr-331 now pending in the United States District Court for the Northern District of Ohio.

On July 24, 2003, the United States District Court for the Southern District of Florida sealed an indictment charging Ricardo Guillermo Deisernia in case number 9:03-cr-80102 (Exhibit A). That motion was granted and an arrest warrant was issued for Mr. Deisernia. On June 23, 2004, the Court issued an order transferring the case to fugitive status, presumably due to the fact that Mr. Deisernia was not living in the United States. Mr. Deisernia is a citizen of Argentina, was then living in Argentina, and had always lived in Argentina (Exhibit A). On July 23, 2004, the United States filed a motion to unseal the indictment in case 9:03-cr-80102 so that the documents could be attached to an extradition request to the country of Argentina. That motion was granted the same day (Exhibit A).

The unsealed indictment (Exhibit B) charged Mr. Deisernia in eleven counts with firearms related offenses associated with an alleged scheme to import into the United States firearm parts that included kits to convert a semi-automatic firearm into a fully automatic

1

firearm, and for the importation of silencers. In support of a request for extradition, Assistant United States Attorney Andrew C. Lourie submitted an affidavit (Exhibit C) which stated in part that United States federal agents in Florida learned that federal agents in Ohio and Virginia had been investigating Mr. Deisernia who resided in Argentina. On June 23, 2005, Argentina denied extradition and opened its own investigation into Mr. Deisernia's alleged criminal conduct as alleged in the investigation. The Argentinian matter appears to have been assigned case number 1314/05 (Exhibit D). On August 25, 2008, case 1314/05 went before an Argentinian court and the prosecution requested that the case proceed to trial. Defense counsel moved the court for an acquittal and there was some debate on the matter (Exhibit E). On October 1, 2008, the Argentinian court acquitted Mr. Deisernia (Exhibit F). Since that date, the Southern District of Florida did not further pursue extradition. The Northern District of Ohio has never pursued extradition.

On June 01, 2016, counsel for Mr. Deisernia filed an appearance in the Southern District of Florida seeking to have case 9:03-cr-80102 dismissed. The United States did not oppose the dismissal and, on September 8, 2016, that case was dismissed.

Mr. Deisernia recently learned that case number 1:03-cr-331, pending in the United States District Court for the Northern District of Ohio, may relate to him. That case, however, remains sealed. If true, the case relates to an investigation that was completed approximately fourteen (14) years ago, and alleges criminal conduct that purportedly occurred on or before 2003, and was the subject of a 2004 extradition affidavit (Exhibit C).

Mr. Deisernia is not a citizen of the United States, has never resided in the United States, and has no intention of immigrating to the United States. Mr. Deisernia asks the Court to unseal this indictment so that he can make arrangements to defend himself. There is no legitimate

2

prosecutorial purpose for the indictment to remain sealed. Mr. Deisernia has a due process right to know whether or not he is named as a defendant in the indictment, and to be apprised of the allegations of criminal conduct.

"The Government has the burden of setting forth a justification for sealing the indictment." *U.S. v. Wright*, 343 F.3d 849, 858 (6th Cir., 2003). The Sixth Circuit has held that "an indictment may be sealed for a multitude of reasons…[such as] the need to avoid compromising an ongoing investigation…." (*Id.*) and "the need to protect the safety of potential witnesses." *U.S. v. DiSalvo*, 34 F.3d 1204, 1219 (3d Cir. 1994). The government may have had a legitimate reason to seal the indictment in 2003; however, once Assistant United States Attorney Andrew C. Lourie's affidavit was submitted in 2004 with the extradition request, there was no further compelling government interest in secrecy since the affidavit spelled out the Ohio investigation and Mr. Deisernia's alleged criminal activity, and Mr. Deisernia was made aware that the United States sought to extradite him. Fourteen years later, the government can no longer articulate a legitimate prosecutorial purpose to keep this indictment under seal.

Because the United States has known since at least 2004 where Mr. Deisernia resides in Argentina and, the U.S. Attorney's Office for the Northern District of Ohio has taken no steps to extradite him, the indictment ultimately should be dismissed based on a violation of the Speedy Trial Act. The Sixth Amendment to the United States Constitution guarantees all criminal defendants the right to a speedy trial. *U.S. Const. amend VI*. "When a defendant's constitutional right to a speedy trial has been violated, dismissal of the indictment is the only available option…." *U.S. v. Heshelman,* 13a0366n.06 (6th Cir. 2013) (citing *U.S. v. Brown*), 169 F.3d 344, 348 (6th Cir. 1999)). The United States Supreme Court has identified four factors to be balanced in determining whether or not a defendant's right to a speedy trial has been violated, "[l]ength of

delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The length of the delay is to some extent a triggering mechanism." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). With respect to the first factor, length of delay, a trial delay of one year or more is generally deemed "presumptively prejudicial" and triggers inquiry into the remaining factors. *Doggett v. United States*, 505 U.S. 647, 652, n.1 (1992). The delay in this case has been fourteen times a delay the Supreme Court has held to be "presumptively prejudicial."

The second factor of the balancing test is the reason for the delay. Although the United States may consider Mr. Deisernia a fugitive, he resides in Argentina and has always resided in Argentina. He has never resided in the United States and did not flee from the United States. In 2004, Mr. Deisernia first became aware that he was under investigation in the Northern District of Ohio while residing in Argentina. However, he was not aware that there was a sealed indictment and did not flee from the Northern District of Ohio. "A person under investigation for a crime in the United States is not transformed into a fugitive solely on the basis of his or her residence in a foreign jurisdiction or country." *U.S. v. Heshelman,* 13ao366n.06 at 14, (citing *Mendoza*, 530 F.3d at 758, 763 (9th Circuit 2008)). The reason for the delay in this case lies squarely on the shoulders of the government. Having sealed the indictment in 2003, it was the responsibility of the United States to seek extradition of Mr. Deisernia from his home country of Argentina. The United States failed to seek extradition and a period of fourteen years has passed. At least nine years beyond the statute of limitations.

The third factor simply requires that the defendant has asserted his right to a speedy trial. Mr. Desiernia will be asserting his right to a speedy trial once the indictment is unsealed if he

was in fact charged as he suspects. Mr. Deisernia did just that in the Southern District of Florida, and in Argentina where he was acquitted.

Finally, the fourth factor of the speedy trial analysis requires the Court to determine whether the delay has prejudiced the defendant. In 1992, the United States Supreme Court held that an 8 ½ year delay was six times as long as a delay that is generally deemed sufficient to trigger judicial review. See generally *Doggett,* 505 U.S. 647 (1991). In 2011, the Sixth Circuit held that a thirty-five month delay was sufficient to presume prejudice. See *United States v. Ferreira*, 665 F.3d 701, 708 (6th Cir. 2011). Mr. Deisernia has been presumptively prejudiced by the fourteen year delay.

The legitimate prosecutorial purpose for maintaining the 2003 order to seal the indictment is highly speculative at this point in time due to the passage of approximately fourteen years, the dismissal of the Southern District of Florida indictment alleging similar violations stemming from the same or similar alleged scheme, the Argentinian court's acquittal of Mr. Deisernia for the same or similar alleged conduct, and the United States' failure to further pursue extradition.

Wherefore, the defendant, Ricardo Guillermo Deisernia, requests that the Court grant this motion to unseal case number 1:03-cr-331 so that he can further pursue a disposition in the matter.

Respectfully submitted,

*/s/ Michael J. Rendon*
Michael J. Rendon
Attorney for Defendant
55 Public Square, Ste. 2100
Cleveland, Ohio 44113
(216) 341-5840
(888) 398-5740 (fax)
mjrendonllc@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, a copy of the Defendant's Motion to Unseal Warrant and Indictment was sent to the United States Attorney's Office for the Northern District of Ohio by hand.

Respectfully submitted,

Michael J. Rendon
Attorney for Defendant