FILED

2017 AUG -8 AM 10: 59

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:03CR331 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| RICARDO GUILLERMO DEISERNIA, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO UNSEAL |
| Defendant. | ) | WARRANT AND INDICTMENT |
| | ) | |
| | ) | FILE UNDER SEAL |

The United States of America, by and through its counsel, David A. Sierleja, Acting United States Attorney, and Robert J. Patton, Assistant United States Attorney, hereby submits its response in opposition to defendant's Motion to Unseal Warrant and Indictment. The reasons in support of the government's motion are more fully set forth in the memorandum attached hereto and incorporated herein.

Respectfully submitted,

DAVID A. SIERLEJA
Acting United States Attorney

Robert J. Patton (OH: 0066590)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3856
(216) 522-2403 (facsimile)
Robert.Patton2@usdoj.gov

## MEMORANDUM

On July 21, 2017, defendant Deisernia[1] filed a Motion to Unseal Warrant and Indictment ("defendant's motion") seeking the unsealing of a purported arrest warrant and indictment. Defendant then argues that the alleged indictment should be dismissed due to a Speedy Trial Act violation. The government considers the Speedy Trial claims to be premature and will focus solely on defendant's request to unseal the alleged Arrest Warrant and Indictment.

While the government bears the burden of providing a justification for sealing an indictment, a defendant must show actual prejudice to unseal an indictment opened beyond the statute of limitations period. In *United States v. Szilvagyi*, 417 Fed. Appx. 472, 477 (6th Cir. 2011), the court held that a "timely filed and properly sealed indictment tolls the statute of limitations." (quoting *United States v. Wright*, 343 F.3d 849, 857 (6th Cir. 2003). The Sixth Circuit squarely addressed the issue of determining whether an indictment was properly sealed:

> The Government has the burden of setting forth a justification for sealing the indictment. We have not specifically answered the question of what is a proper purpose for sealing an indictment. However, other circuits have held that any legitimate prosecutorial purpose or public interest may support the sealing of an indictment. Accordingly, we look to the Government's request to seal the indictment and evaluate that request to determine whether any legitimate prosecutorial purpose or public interest supports the sealing of the indictment.

*Wright*, 343 F.3d at 858. (citations omitted.) Later on, the Sixth Circuit turned to the issue of whether a sealed indictment should be unsealed after the expiration of the statute of limitations:

> In determining whether a sealed indictment may be opened after the expiration of the statute of limitations, we consider two factors: "(1) whether the indictment was properly sealed, and (2) whether the defendant has shown actual prejudice from a seal indictment being opened beyond that statute of limitations. . . . In *Wright*, we further stated that a "defendant must show substantial, irreparable, and

---

[1] The government's use of the terms "defendant" or "defendant Deisernia" should not be viewed as a concession that an Arrest Warrant or Indictment presently exist. Rather, these references are used for convenience as Richardo Deisernia chose these designations in his pleading.

> actual prejudice when a properly sealed indictment is unsealed beyond the statute of limitations" and that "[t]he defendant has the burden of showing that prejudice occurred."

*Szilvagyi*, 417 Fed. Appx. at 477. (quoting *Wright*, 343 F.3d at 856-59). Therefore, when an indictment is sealed for a legitimate prosecutorial purpose, a defendant must demonstrate actual prejudice to bar the unsealing of an indictment beyond the statute of limitations period.

Here, defendant seeks the unsealing of a purported indictment and arrest warrant to challenge the alleged charges on speedy trial grounds. While the above case law has a bearing on the issues raised in defendant's motion, the government submits that defendant presents an insufficient basis for his request and should place himself within this Court's jurisdiction prior to requesting relief from it.

As an initial matter, defendant claims "Mr. Deisernia recently learned that case number 1:03-cr-331, pending in the United States District Court for the Northern District of Ohio, may relate to him." (p. 2, defendant's motion) Defendant cites the affidavit of Assistant U.S. Attorney Andrew C. Lourie from the Southern District of Florida which "relates to an investigation that was completed approximately fourteen (14) years ago, and alleged criminal conduct that purportedly occurred on or before 2003, and was the subject of a 2004 extradition affidavit (Exhibit C)." (p. 2, defendant's motion) A plain reading of Assistant U.S. Attorney Lourie's extradition affidavit recounts a traffic stop, which occurred in Pepper Pike, Ohio, on January 22, 2001, wherein two individuals advised police officers that they purchased firearm silencers from defendant using email. Defendant submits that Assistant U.S. Attorney Lourie's disclosure of the Ohio traffic stop undermines the basis for keeping the alleged indictment sealed: "[f]ourteen years later, the government can no longer articulate a legitimate prosecutorial purpose to keep the indictment under seal." (p. 3, defendant's motion) Defendant fails to cite any authority to support the proposition that the government has a continuing prospective duty to

justify sealing an indictment over time. Further, the Sixth Circuit announced a relatively low standard to justify sealing an indictment as "… any legitimate prosecutorial purpose or public interest supports the sealing of the indictment." *Szilvagyi*, 417 Fed.Appx. at 477 (quoting *Wright*, 343 F.3d at 858). Aside from the assumption that the alleged indictment arises from the January 2001 Ohio traffic stop, defendant presents no further evidence or argument that an indictment, if it exists, was not properly sealed. Accordingly, defendant's motion fails to satisfy the Sixth Circuit's standard, announced in *Szilvagyi* and *Wright*, that the purported indictment was improperly sealed.

Defendant's motion is centrally predicated upon the speculation that a sealed indictment, with an arrest warrant, presently exists within the Northern District of Ohio and said alleged indictment encompasses the conduct described in paragraph 31 of Assistant U.S. Attorney Lourie's extradition affidavit. Defendant offers no legal authority to preemptively request the unsealing of a purported indictment for the purpose of challenging it on speedy trial grounds without placing himself within the jurisdiction of this Court. Defendant also does not demonstrate any prejudice that would arise from unsealing an alleged sealed indictment. If defendant wants to confront charges he believes are pending in the Northern District of Ohio, he should enter this district and confront any criminal charges which may or may not exist.

Accordingly, defendant's motion should be denied as it is based on assumptions and speculations. Further, his request to unseal an alleged indictment fails to cite any authority that the government has a prospective duty to justify the sealing of a purported indictment. Defendant should place himself in the jurisdiction of the Court from which he seeks relief.

Respectfully submitted,

DAVID A. SIERLEJA
Acting United States Attorney

_____
Robert J. Patton (OH: 0066590)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3856
(216) 522-2403 (facsimile)
Robert.Patton2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2017 a copy of the foregoing document was filed. All other parties will be served by regular U.S. Mail.

_____
Robert J. Patton
Assistant U.S. Attorney

5