IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2017 SEP 13 AM 11: 35
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:03CR331 |
| | ) | |
| Plaintiff, | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| RICARDO GUILLERMO DEISERNIA | ) | DEFENDANT'S REPLY TO |
| | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO UNSEAL |
| Defendant | ) | WARRANT AND INDICTMENT |
| | ) | |

Now comes the defendant, Ricardo Guillermo Deisernia, and files this Reply in support of his Motion to Unseal Warrant and Indictment. The government's focus on its still undisclosed justification for sealing this indictment fourteen years ago is misplaced. The issue is not whether the government had a basis to seal the indictment when it was returned. Rather, the question before the Court is under what circumstances can the government unilaterally decide to keep an indictment under seal indefinitely and thereby prevent and deprive a defendant of any legitimate mechanism to defend himself and clear his name.[1]

It is well settled that "any legitimate prosecutorial purpose or public interest supports the sealing of [an] indictment." *United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003). This

---

[1] The government is mistaken when it suggests that Mr. Deisernia is arguing that the Court should dismiss this case under the Speedy Trial Act. While Defendant believes that ultimately the case should be dismissed because the government has violated the Speedy Trial Act as well as the Due Process Clause, he does not know specifically what charges were filed, and therefore any Speedy Trial Act or Due Process argument is premature. The expiration of the statute of limitations, and the "actual prejudice" that is presumed from the fourteen-year delay in this prosecution, however, are relevant and should be considered by the Court in deciding whether or not Defendant is prejudiced by the continued sealing of the indictment in this matter.

indictment appears to have been sealed in 2003. Because the defendant knew nothing about the indictment at the time, he has no idea whether the government had a legitimate prosecutorial purpose for sealing the indictment in 2003. Although "[t]he Government has the burden of setting forth a justification for sealing the indictment" *Id.*, its Response is devoid of any explanation of its purported legitimate prosecutorial purpose, and therefore it has not met its burden. On that basis alone, the indictment should be unsealed.

The Court must also consider whether the government can keep the indictment under seal fourteen years after it was initially sealed, nine years after the statute of limitations expired, and over the objection of the defendant named in the indictment. The Sixth Circuit has set forth two factors courts must consider when determining whether a sealed indictment may be unsealed *over* a defendant's objection after the statute of limitations has expired. The fact that the Sixth Circuit has delineated these factors supports Defendant's position that an indictment may be unsealed after its initial sealing once the statute of limitations has expired, and the factors must then be met once challenged by either the Government or the Defendant. Further, utilizing the Sixth Circuit's factors, it is clear that the government has a duty to justify the continued sealing of a warrant when a defendant objects to its perpetual sealing, in precisely the same manner that it has a duty to justify the unsealing of an indictment over a defendant's objection. As the Government concedes, the two factors the Court must consider are "(1) whether the indictment was properly sealed, and (2) whether the defendant has shown actual prejudice from a sealed indictment being opened beyond the statute of limitations." *Wright*, 343 F.3d at 857. In *Wright,* it was the <u>defendant</u> who objected to the unsealing of the indictment and therefore he had the burden of meeting the second factor and showing actual prejudice. In this case, because it is the government that is trying to prevent the unsealing of the warrant and indictment, the burden of

showing actual prejudice must be shouldered by the government. The government has produced no evidence and does not even argue that it would be prejudiced if this indictment was unsealed. The only prejudice the government conceivably could face is having to defend a subsequent motion to dismiss the indictment – a burden the government should welcome, if indeed it has a legitimate basis to continue to pursue the charges in this case.

Although it is not Mr. Deisernia's burden to show actual prejudice, since the question is different from that in *Wright*, he is the movant seeking to unseal the indictment and the government is opposing, because the indictment has remained sealed beyond the expiration of the statute of limitations it is nonetheless appropriate for the Court to consider the prejudice he is suffering as a result of the indefinite sealing of this indictment. Mr. Deisernia has shown both presumptive and actual prejudice from the indictment remaining under seal beyond the statute of limitations.

In its Response, without any support, the Government draws a sweeping conclusion that "the defendant presents an insufficient basis for his request," completely disregarding the United States Supreme Court's holding that a trial delay of one year or more is generally deemed "presumptively prejudicial. *See Doggett* v. United States, 505 U.S. 647, 652 n.1 (1992); *See also United States v. Ferreira*, 665 F.3d 701, 708 (6th Cir. 2011) (a thirty-five month delay was sufficient to presume prejudice). Here the delay of more than fourteen years is not only presumptively prejudicial to Mr. Deisernia, it is actually prejudicial. As a result of the government's failure to timely pursue this prosecution, Mr. Deisernia will be unfairly prevented from mounting an effective defense. In addition to the inevitable fading of memories, there were exculpatory emails that were not preserved and are no longer available to Mr. Deisernia for his defense. Further, important witnesses, including Mr. Deisernia's father and a non-relative who

was living at his home in 2003, both of whom had access to his computer and e-mail accounts, are deceased. In addition, Defendant believes that the government's case agent who was responsible for the investigation and indictment has retired and may be unavailable for trial. His cross examination would be critical to Mr. Deisernia's defense. These are just a few examples of the actual prejudice that Mr. Deisernia would face if he is required to mount a defense in this case after a fourteen-year delay.

Moreover, Mr. Deisernia has lived with the shadow of these potential charges over his head for fourteen years, not knowing if he was charged, what the exact charges might be, and unable to defend himself and clear his name. Yet, the government disregards the fact that Mr. Deisernia bares no responsibility for the government's delay in prosecuting this matter. Mr. Deisernia resides in Argentina, has always resided in Argentina, and has never resided in the United States. In fact, he resides at the same address where he resided in 2003. "A person under investigation for a crime in the United States is not transformed into a fugitive solely on the basis of his or her residence in a foreign jurisdiction or country." *See Heshelman*, 13ao366n.06 at 14, (citing *Mendoza*, 530 F.3d at 758, 763 (9th Cir. 2008)). It defies logic for the government to suggest that Mr. Deisernia should have come to the United States to answer to an indictment that it refuses to even unseal, in a matter in which extradition was never sought, and for which the government bares sole responsibility for the delay. The government's silence about its efforts to extradite Mr. Deisernia, speaks volumes and puts the delay of the matter and the actual prejudice to Mr. Deisernia squarely on the government's shoulders.

Over the last fourteen years it has not been Mr. Deisernia's responsibility to try to find out if he had been indicted by a secret grand jury in the United States and present himself to answer to these unknown charges. The responsibility has been that of the United States

4

government, which has been content to allow this sealed indictment to collect dust rather than take affirmative steps to either inform Mr. Deisernia of the existence of the indictment and provide him with an avenue to voluntarily enter the United States to defend himself, or to seek his extradition. The government has done neither, and it is Mr. Deisernia who is prejudiced by its inaction. The government cannot hold a sealed indictment over Mr. Deisernia head like a hammer in perpetuity, impacting his life, his ability to clear his name, and his freedom of travel just because it can exact that punishment for alleged crimes it can no longer legitimately prosecute.

    Wherefore, Ricardo Guillermo Deisernia, requests that the Court grant his motion to unseal case number 1:03-cr-331 so that he can further pursue an appropriate disposition in the matter.

Respectfully submitted,

Michael J. Rendon
Attorney for Defendant
55 Public Square, Ste. 2100
Cleveland, Ohio 44113
(216) 341-5840
(888) 398-5740 (fax)
mjrendonllc@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2017, a copy of the Defendant's Reply to Government's Response to the Defendant's Motion to Unseal Warrant and Indictment was delivered by hand to the United States Attorney's Office for the Northern District of Ohio, 801 West Superior Avenue, Suite 400, Cleveland, OH 44113-1852.

Respectfully submitted,

Michael J. Rendon
Attorney for Defendant