ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:03CR331 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| RICHARD G. DESERNIA, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's motion to unseal the indictment in this matter. The motion is GRANTED.

Federal Rule of Criminal Procedure 6(e)(4) authorizes indictments to be "kept secret until the defendant is in custody[.]" In *United States v. Muse* the Second Circuit observed that one purpose of Rule 6(e)(4) is to "prevent the requirement of an indictment from serving as a public notice that would enable the defendant to avoid arrest." 633 F.2d 1041, 1043–44 (2d Cir.1980) (further holding that an indictment involving multiple defendants may remain sealed, even if one or more defendants' whereabouts are known, as long as the decision is "based on the legitimate prosecutorial needs of the Government to capture those properly indicted from criminal activity"). Rule 6(e)(4) also authorizes indictments to remain sealed for "sound reasons of policy" or where the "public interest requires it." *See, e.g., United States v. Southland Corp.*, 760 F.2d 1366, 1379

(2d Cir.1985); *United States v. Edwards*, 777 F.2d 644, 648 (11th Cir.1985); *United States v. Michael*, 180 F.2d 55, 57 (3d Cir.1949).

The instant matter presents in a unique circumstance. It appears that Defendant learned of an investigation in Ohio through an affidavit from a Florida criminal matter that sought his extradition. It is unclear how or through whom Defendant learned of the specific case number of the indictment herein. However, Defendant has learned that information. Moreover, through the same Florida-matter affidavit, Defendant is aware that the Ohio investigation dates back to roughly 2003. As such, under these rare circumstances, the Court can find no continuing purpose for the indictment herein to remain sealed. Defendant has knowledge of the indictment in some capacity, so a seal does not prevent him from avoiding arrest. Moreover, the Government has been unable to put forth any other public policy or argument that the public interest requires the indictment to remain sealed.[1] Accordingly, the motion to unseal is GRANTED.

IT IS SO ORDERED.

 September 22, 2017               /s/John R. Adams
Date                             JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE

---

1 The Court has not placed a burden on the Government to justify the matter remaining under seal. Instead, the Court is merely noting that no argument has been put forth herein.