UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:03CR331 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| RICARDO G. DEISERNIA, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Ricardo Deisernia's motion to dismiss the indictment filed against him.   The motion is DENIED.

The underlying facts surrounding Defendant's motion to dismiss are largely undisputed. Defendant was indicted in this District on August 12, 2003.   On that same day, the Government filed its affidavit in support of a request for extradition.  Argentina denied the Government's request for extradition on October 6, 2009.   In the interim, it appears that Defendant was charged and acquitted by authorities in Argentina for crimes related to the indictment in this District.  At some point during the extradition and foreign proceedings, Defendant learned of the then-sealed indictment in this matter.  On July 21, 2017, Defendant moved to unseal the indictment, and on September 22, 2017, this Court unsealed the indictment.  Based upon the above timeline, Defendant has moved to dismiss the indictment.   Defendant contends that his Speedy Trial rights have been violated.

Initially, the Court notes that it is in agreement with the Government that existing law compels rejection of Defendant's argument related to Fed. R. Crim. P. 48(b).  While Rule 48 grants this Court discretion to dismiss an indictment when there is undue delay in bringing a

defendant to trial, Rule 48 is inapplicable until an arrest has occurred. *See United States v. Giacalone*, 477 F.2d 1273 (6th Cir. 1973). As Defendant has not been arrested, he cannot rely upon Rule 48 to support dismissal.

Defendant, however, also contends this his Sixth Amendment right to a speedy trial has been violated. This Court utilizes a four-part test to determine whether a speedy trial violation has occurred: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

> We regard none of the four factors identified above (length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant) as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

*Id.* at 533.

The first *Barker* factor—the length of the delay—is a threshold inquiry. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay...." *Id*. (citing *Barker*, 407 U.S. at 530-31). "[I]n calculating the length of the delay, only those periods of delay attributable to the government or the court are relevant to [the defendant's] constitutional claim." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). "The length of delay is measured from the earlier of the date of indictment or arrest to the defendant's trial." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (citing

2

*Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005)).  "[A] delay of one year or more is considered presumptively prejudicial and, as such, satisfies the first *Barker* factor, triggering examination of the remaining three." *United States v. Williams*, 753 F.3d 626, 632 (6th Cir. 2014).

However, the Sixth Circuit has noted as follows with respect to the length of delay analysis as it applies to sealed indictments:

> Our sister circuits are split on this issue. In the Second Circuit, for example, "the speedy trial right under the Sixth Amendment attaches not when a sealed indictment is filed but when it is unsealed (or when the Government arrests the defendant or otherwise apprises him of the charges against him)." *United States v. Watson*, 599 F.2d 1149, 1156 (2nd Cir. 1979). The First Circuit, however, has rejected adopting a "bright-line rule that the relevant time period for purposes of the right to a speedy trial begins to run only once the indictment is unsealed." *United States v. Casas*, 356 F.3d 104, 112 (1st Cir. 2004).

*United States v. Williams*, 683 F. App'x 376, 383 (6th Cir. 2017).  Similar to the resolution reached by the *Williams* Court, this Court need not formally adopt a side on this view.  As the other factors weigh against Defendant, this Court can assume that he properly alleged a presumptively prejudicial delay.

While no factor alone is dispositive, the Supreme Court has observed that the second *Barker* factor—the reason for the delay—is "[t]he flag all litigants seek to capture." *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986); *see also United States v. Heshelman*, 521 F. App'x 501, 505–06 (6th Cir. 2013).  There is no dispute that the delay in this matter occurred due to a failed attempt to extradite Defendant from Argentina.  This Court agrees with the Ninth Circuit that a "[defendant] cannot avoid a speedy trial by forcing the government to run the gauntlet of obtaining formal extradition and then complain about the delay that he has caused by refusing to return voluntarily to the United States." *United States v. Manning*, 56 F.3d 1188, 1195 (9th Cir. 1995).

Similarly, a colleague has described the law surrounding this issue as follows:

> The Fifth Circuit has found this *Barker* factor to weigh against defendants in similar circumstances. *See United States v. Valencia–Quintana*, 136 F. App'x 707, 709–10 (5th Cir. 2005) (9–year delay where Defendant was incarcerated in Dominican Republic for 7 years, and Government failed to request extradition for 2 years after his release, but continuously inquired into defendant's status during that time). And numerous other courts have rejected Sixth Amendment claims where a defendant was not promptly extradited after an indictment. *See, e.g., United States v. Vazquez–Uribe*, 426 F. App'x 131, 137–38 (3d Cir. 2011) (concluding, in case involving 6–year delay between indictment and extradition, that second *Barker* factor did not favor defendant because "delay was principally a function of the different factions that were involved" and that "the [United States] government assiduously collaborated with foreign and multinational law enforcement agencies in its efforts to locate" the defendant); *United States v. Blake*, 817 F.Supp.2d 1082, 1084–86 (N.D.Ind. 2011) (holding that the United States was not at fault for 9–year delay between indictment and extradition where foreign country delayed the extradition in order to finish punishing the defendant on other charges); *United States v. Reumayr*, 530 F.Supp.2d 1200, 1203–07 (D.N.M. 2007) (finding that the "reason" for the nearly 7–year delay between indictment and extradition weighed against the defendant where most of the delay was caused by defendant's attempts to prevent his extradition, even where a small amount of the delay could be attributed to the United States).

*United States v. Lawrence*, No. CRIM. 4:03-00436-1, 2013 WL 6388455, at *3 (S.D. Tex. Dec. 6, 2013).

This Court reaches a similar conclusion. The reason for the delay in this matter is attributable to Defendant's successful efforts in fighting extradition. As such, the reason for the delay rests solely at Defendant's feet.

Defendant, however, contends that the Government should have done *more* once its request for extradition was denied. In so doing, Defendant concedes that the existing treaty with Argentina prevents the Government from seeking extradition a second time due to Defendant's acquittal in Argentina. As such, when pressed to elaborate on what *more* the Government should have

pursued, Defendant was unable to articulate any act. While it is conceivable that some alternative form of diplomatic relations could have been pursued with Argentina, it is unclear how the United States Government could pursue such an alternative when it would contradict the plain terms of the treaty entered into between the countries. As such, this Court declines to find that the Government did not act with reasonable diligence based upon some failure to pursue relief outside the scope of the treaty.

The Court acknowledges that Defendant promptly asserted his speedy trial right upon the unsealing of the indictment in this matter.

The Sixth Circuit has noted as follows with respect to the final *Barker* prong:

> When the delay is lengthy and attributable to bad faith by the government, no showing of prejudice is required. *See Doggett*, 505 U.S. at 657. However, when the government has used reasonable diligence to pursue a defendant, the defendant must show that the delay caused "actual prejudice" to his defense. Actual prejudice is determined by examining whether the defendant has suffered (1) oppressive pretrial incarceration; (2) anxiety and concern; and (3) impairment to his defense. *See Barker*, 407 U.S. at 532. The last factor is afforded substantial weight since the inability of a defendant to adequately prepare his case skews the fairness of the entire system. *See id*.

United States v. Brown, 169 F.3d 344, 350 (6th Cir. 1999). As noted above, the Government was reasonably diligent in its efforts to extradite Defendant to face trial. Accordingly, Defendant must demonstrate actual prejudice.

There is no dispute that Defendant did not suffer oppressive pretrial incarceration in this matter as he has never been arrested based upon the charges in the indictment. There is also nothing in the record to suggest that Defendant has suffered any anxiety or concern. If Defendant's assertions are taken as true, he was wholly unaware of the charges against him until

the summer of 2017.

Finally, the Court finds little merit in Defendant's contention that his defense has been impaired. While Defendant contends that several potential witnesses have died after the indictment was issued, Defendant has never answered the charges against him. As a result, he has never obtained discovery from the Government. As such, any assertion of a prejudice to his defense at this stage is little more than conjecture.

Based upon the above, the *Barker* factors weigh against Defendant. Accordingly, his motion to dismiss the indictment is DENIED.

IT IS SO ORDERED.

 August 31, 2018  /s/John R. Adams
Date  JOHN R. ADAMS
 UNITED STATES DISTRICT JUDGE